**Raymond GLENN and Alecia Glenn, Plaintiffs,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant.**

**Civil No. 15–1729 (JBS/KMW).**

United States District Court, D. New Jersey.

Signed June 22, 2015.

Raymond Glenn, Bridgeton, NJ, pro se.

Alecia Glenn, Bridgeton, NJ, pro se.

Robert Randolph Schriver Social Security Administration, New York, NY, for Defendant.

### ORDER OF DISMISSAL

JEROME B. SIMANDLE, Chief Judge.

■ This matter comes before the Court by way of Defendant the Social Security Administration's (hereinafter, the "SSA") unopposed motion to dismiss *pro se* Plaintiffs Raymond and Alecia Glenn's (hereinafter, "Plaintiffs") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] [Docket Item 3.] For the reasons that follow, the SSA's unopposed motion will be granted, and Plaintiffs' Complaint will be dismissed for lack of subject matter jurisdiction.

On February 3, 2015, *pro se* Plaintiffs filed a one-page form Complaint against the SSA in the Superior Court of New Jersey, seeking $14,000 in monetary damages for "discrimination against disabled person(s), pain and suffering, embarrassment in front of a room of strangers, bias,

threats," and for "inflicting mental and social pain."[2] [*See* Docket Item 1-1.] The SSA removed this action on March 9, 2015,[3] and the pending motion to dismiss followed.

In moving to dismiss, the SSA argues that Plaintiffs' Complaint provides no "statutory basis for a finding" that the SSA, a federal agency, "waived its sovereign immunity" with respect to Plaintiffs' claims. (SSA's Br. at 4.) The SSA therefore submits that Plaintiffs' Complaint must be dismissed for lack of subject matter jurisdiction.

■ As an agency of the United States, the SSA enjoys sovereign immunity from suit absent consent, and the existence of consent constitutes a prerequisite for jurisdiction. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.") As relevant here, 42 U.S.C. § 405(g) contains a limited waiver of the SSA's sovereign immunity, and specifically permits suits challenging final decisions of the SSA in connection with social security eligibility and benefits determinations. *See* 42 U.S.C. § 405(g) (providing that federal court jurisdiction is limited to "affirming, modifying, or reversing the [final] decision of the Commissioner").

---

1. The deadline to file opposition to the pending motion expired on April 20, 2015.

2. The form Complaint contains no additional factual matter. Indeed, Plaintiffs have named no individual defendants, have not set forth any specific details concerning the basis for their allegations, nor provided the date of the alleged conduct. (*See generally* Compl.)

3. Because Plaintiffs commenced this action against an agency of the United States, 28 U.S.C. § 1442(a) provided the SSA with an automatic statutory basis for removal.

Here, however, Plaintiffs' Complaint, even liberally construed, does not challenge any final decision of the SSA, and 42 U.S.C. § 405(g) contains no waiver of the SSA's immunity from the discrimination and tort allegations asserted by Plaintiffs in this action. To the contrary, 42 U.S.C. § 405(h) expressly provides that "no action against the United States,[4] the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28." 42 U.S.C. § 405(h). Therefore, even though 28 U.S.C. § 1346 (i.e., the Federal Tort Claims Act or "FTCA") generally waives sovereign immunity for certain tort actions against the United States (and assuming that Plaintiffs intended to rely upon this statute), the SSA cannot be sued directly under the FTCA.[5] *See Monet v. Mathews,* 535 F.Supp.2d 132, 137 (D.C.Cir. 2008) (rejecting an attempt to bring a tort claim against the SSA under the FTCA); *see also Langella v. Bush,* 306 F.Supp.2d 459, 463 (S.D.N.Y.2004) ("Under the FTCA, suit must be brought directly against the United States, and federal agencies are immune from suit."); *Schlesner v. United States,* 246 F.Supp.2d 1036, 1041 n. 2 (E.D.Wis.2003) ("To the extent the plaintiff attempts to assert a claim against the Social Security Administration under the FTCA, such claim must be dismissed for the simple reason that the SSA cannot be sued under the FTCA.").

Moreover, Plaintiffs have identified no alternative jurisdictional bases for their monetary damages claim against the SSA,[6] nor provided any facts to even arguably suggest that the SSA, or one of its agents, waived sovereign immunity.[7] [*See generally* Docket Item 1-1.] As a result, the Court finds the SSA immune from this litigation. *See Fabian v. Colvin,* No. 14–141, 2014 WL 3952803, at *4 (W.D.Tex. Aug. 13, 2014) (dismissing the pro se plaintiff's discrimination, evidence tampering, emotional distress, and due process claims against the SSA on sovereign immunity grounds); *Cikraji v. Messerman,* No. 13–2059, 2014 WL 2965281 (N.D.Ohio June 30, 2014) (dismissing the pro se plaintiff's common law claims against the SSA on sovereign immunity grounds). Moreover, because sovereign immunity operates as a jurisdictional bar, this action must be dismissed for lack of subject matter jurisdiction.[8] *See Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 693 n. 2 (3d Cir.1996) (citing *Pennhurst State Sch. & Hosp. v.*

---

**4.** " 'An action brought against a federal agency, such as the SSA, is effectively one brought against the United States.' " *Nzongola v. Astrue,* 863 F.Supp.2d 25, 29 (D.D.C.2012) (citation omitted).

**5.** Moreover, even if Plaintiffs could sue the SSA under the FTCA, Plaintiffs must still comply with several strictly construed prerequisites. *See, e.g., Shelton v. Bledsoe,* 775 F.3d 554, 569 (3d Cir.2015) (discussing the FTCA's exhaustion requirement).

**6.** Indeed, Plaintiffs provide no legal authority for their claims. [*See generally* Compl.]

**7.** Nor have Plaintiffs filed any opposition to the pending motion.

**8.** As a result, the Court need not reach the SSA's position that Plaintiffs fail to state plausible claims for relief under Federal Rule of Civil Procedure 12(b)(6). Nevertheless, the Court notes that Plaintiffs' Complaint is, in its entirety, one sentence, and contains nothing more than conclusory allegations of the sort routinely deemed insufficient under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009) (noting that a complaint must include "sufficient factual matter to show that the claim is facially plausible" in order to survive a motion to dismiss under Rule 12(b)(6)); *Morse v. Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997) (noting that a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss).

*Halderman,* 465 U.S. 89, 98–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)).

Consequently, for good cause shown;

It is on this **22nd** day of **June, 2015,** hereby

**ORDERED** that the SSA's unopposed motion to dismiss [Docket Item 3] Plaintiffs' Complaint, shall be, and hereby is, **GRANTED;** and it is further

ORDERED that Plaintiffs' Complaint shall be, and hereby is, **DISMISSED** for lack of subject matter jurisdiction; and it is further

ORDERED that the Clerk of Court shall **CLOSE** this matter upon the docket.